IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL WEIS,** | |
| Plaintiff, | |
| v. | Case No. 24-cv-52-RJD |
| **CHRISTINE BROWN, WEXFORD HEALTHCARE, M. LIVELY,** and **ROBERT BLUM,** | |
| Defendants. | |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Michael Weis, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Weis's Complaint (Doc. 1), alleging that he has been unable to obtain a prescription for Lactaid, was dismissed without prejudice for failure to state a claim (Doc. 9). He was granted leave to file an Amended Complaint. In his First Amended Complaint (Doc. 10), Weis alleges that the defendants were deliberately indifferent in treating his dairy allergy.

This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon

1

which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The First Amended Complaint

In the First Amended Complaint, Weis makes the following allegations: Weis suffers from a severe dairy allergy that causes severe and constant bloating, pain, dehydration, and constipation when he consumes any food item containing dairy (Doc. 10, p. 3). Prior to his incarceration, Weis treated his sensitivity to lactose by taking Lactaid, an over-the-counter medication that prevents all symptoms associated with the consumption of dairy and/or lactose (*Id*. at pp. 3-4).

Upon entering IDOC custody, Weis informed medical staff of his dairy allergy (*Id*. at p. 3). He specifically notified Wexford Healthcare upon his arrival at Pinckneyville in April 2021 (*Id*. at p. 4). He also wrote numerous sick call request slips between April 2021 and December 2023, but he was unable to receive any relief from the healthcare unit (*Id*.). In 2022, Weis submitted a grievance regarding his need for Lactaid. Weis's grievance counselor, M. Lively, responded to the grievance and informed Weis that he would be seen by healthcare staff within 48 hours (*Id*.). But healthcare staff never called Weis for an appointment (*Id*.).

Sometime in 2023, Weis saw Nurse Practitioner ("NP") Robert Blum for his symptoms (*Id*. at pp. 4-5). NP Blum ordered a stool sample to screen for colon cancer. He also informed Weis that he would document his need for Lactaid, but instructed Weis to speak with his grievance counselor, at the time Micah Hallman, about his need for Lactaid (*Id*. at p. 5). Weis contacted Hallman about his request for Lactaid, but Hallman replied

that he did not control the distribution of medication. Hallman directed Weis back to the healthcare unit for medication (*Id*.). Weis submitted a second grievance about his need for Lactaid, but this grievance was also denied.

Weis alleges that he sent several request slips to Healthcare Unit Manager Christine Brown (*Id*. at pp. 1, 5). He submitted at least six requests between June 2022 and January 2024. In addition, he submitted numerous sick call request slips, seeking care. But his requests have been ignored. Because he lacks access to Lactaid, Weis alleges that he suffers from constant pain, bloating, and dehydration (*Id*. at p. 6).

## Discussion

Based on the allegations in the First Amended Complaint, the Court designates the following count:

> **Count 1:** Eighth Amendment deliberate indifference claim against Christine Brown, M. Lively, Robert Blum, and Wexford Healthcare for failing to treat Weis's dairy allergy and/or failing to prescribe Lactaid for his symptoms.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

3

At this stage, Weis states a claim against NP Robert Blum for his alleged deliberate indifference in failing to treat Weis's milk allergy. Weis alleges that he suffers from chronic pain and other symptoms due to his dairy allergy, but NP Blum merely took a stool sample and provided him with no relief. Instead, he directed Weis to contact a counselor for medication, when only a medical professional like himself could actually provide medication to Weis. Thus, Weis states a claim against NP Blum for deliberate indifference.

Weis fails to state a claim, however, against M. Lively and Christine Brown. Weis alleges that Lively denied his grievances and noted that Weis would be seen by healthcare staff, but he did not see medical staff after receiving Lively's response. But as the Court previously informed Weis, Lively cannot be liable for simply responding to or denying his grievances. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (stating that "the alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Further, Weis alleges that he submitted requests to Christine Brown but there is no indication in the pleading whether Brown actually received those requests or was aware of his need for care. The relevant inquiry in a deliberate indifference case is whether an official actually knew of the plaintiff's condition and there are no allegations to suggest that Brown was aware of Weis's condition or his need for medical care. *See Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999). Thus, the claim against M. Lively and Christine Brown is **DISMISSED without prejudice**.

Weis further identifies Wexford Healthcare as a defendant, stating that he informed Wexford about his need for treatment for his dairy allergy when he first arrived at the prison and by submitting numerous sick call request slips. But Wexford can only be liable if it had a policy or practice that caused the constitutional deprivation alleged in the pleading. *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653-4 (7th Cir. 2021); *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Weis fails to point to a policy and/or practice that led to the failure to treat his allergy. Thus, any claim against Wexford is also **DISMISSED without prejudice**.

## Disposition

For the reasons stated above, Count 1 shall proceed against Robert Blum, but is **DISMISSED without prejudice** as to M. Lively, Christine Brown, and Wexford Healthcare.

The Clerk of Court shall prepare for Defendant Robert Blum: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Weis. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by Weis, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Weis, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Weis is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result

in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: June 3, 2024**

                                      */s/ Reona J. Daly*
                                      REONA J. DALY
                                      **U.S. Magistrate Judge**

<u>Notice to Plaintiff</u>

    The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**